UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERS GALLERY OF NEW YORK, INC., d/b/a GERALD PETERS GALLERY,<br><br>*Plaintiff*,<br><br>-against-<br><br>JOAN WEIANT and LEIGH BRENZA, AS SUCCESSORS-IN-INTEREST TO EBERSTADT & SONS a/k/a EDWARD EBERSTADT & SONS,<br><br>*Defendants.* | Case No. 23-CV-3181 (JPO) |
| JOAN WEIANT and LEIGH BRENZA,<br><br>*Counterclaim-Plaintiffs*,<br><br>-against-<br><br>PETERS GALLERY OF NEW YORK, INC., d/b/a GERALD PETERS GALLERY,<br><br>*Counterclaim-Defendants.* | |
| JOAN WEIANT and LEIGH BRENZA,<br><br>*Third-Party Plaintiffs*,<br><br>-against-<br><br>GERALD PETERS,<br><br>*Third-Party Defendant.* | |

**STIPULATED PROTECTIVE ORDER**

J. Paul OETKEN, United States District Judge:

**I.    DEFINITIONS**

1.    The term "Action" means the above-captioned action pending in the U.S. District Court for the Southern District of New York, *Peters Gallery of New York d/b/a Gerald Peters Gallery v. Joan Weiant and Leigh Brenza*, Case No. 23-CV-3181 (JPO).

2.    The term "Confidential Discovery Material" refers to all documents and information designated as Confidential pursuant to this Order.

3.     The term "Designating Party" means a Party or Non-Party that designates a document as Confidential for protection under this Order.

4.     The term "Discovery Material" refers to all documents and information of any kind provided in the course of discovery in this Action, including, without limitation, through initial disclosures, requests for documents, interrogatories, depositions, subpoenas, and other discovery requests, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, produced documents, testimony, transcripts, and tangible things).

5.     The term "Non-Party" means any natural person, partnership, corporation, association, or other legal entity that is not a Party.

6.     The term "Party" means any named party to this Action, as well as any and all heirs and assigns.

7.     The term "Producing Party" means a Party or Non-Party that produces Discovery Material in this Action. The term "Receiving Party" means a Party that receives Discovery Material from a Producing Party in this Action.

## II.    SCOPE

9.     This Protective Order applies to all materials provided in the course of discovery in this Action, including not only Discovery Material (as defined above) but also:

   (a)    information copied or extracted therefrom;

   (b)    all copies, excerpts, summaries, or compilations of Discovery Material; and

   (c)    any testimony, conversations or presentations by Parties or their counsel that might reveal Discovery Material shall be subject to this Order.

10.    All Discovery Material produced or disclosed in connection with this Action shall be used solely for the prosecution or defense of this Action (including any appeals therefrom) and for no other purpose, including use in other legal actions, present or future.

## III.   DESIGNATION AND USE OF CONFIDENTIAL MATERIAL

11.    Any person subject to this Protective Order who receives from any other person subject to this Protective Order any Confidential Discovery Material shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

12.    **Confidential Discovery Material.** A Producing Party may designate as "Confidential" only such portion of such Discovery Material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the Producing Party and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a) previously not publicly disclosed financial information (including without limitation bank account records and statements, profitability reports or estimates, fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously not publicly disclosed material relating to ownership or control of any non-public company;

(c) previously not publicly disclosed business plans, policies or procedures, product development information, marketing plans;

(d) any information of a personal or intimate nature regarding any individual, including personal identifying information of bank customers;

(e) any information that the Designating Party normally would not reveal to third parties or would cause third parties to maintain in confidence; or

(f) any other category of information hereinafter given confidential status by the Court.

13. **Designation.**

(a) With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, a Designating Party may designate a document as Confidential for protection under this Order by stamping or otherwise clearly marking "CONFIDENTIAL" on the document and all copies in a manner that will not interfere with legibility or audibility. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed. Applying these markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Discovery Material are not required to be marked.

(b) The designation of a document as "CONFIDENTIAL" is to be deemed a good-faith certification by the Designating Party that the document contains Confidential Discovery Material, as defined in this Order.

14. **Depositions.**

(a) With respect to deposition transcripts, a Designating Party may designate some or all of a witness's deposition testimony as Confidential for protection under this Order by advising the court reporter and counsel of record of the testimony containing the Confidential Discovery Material, either orally on the record at the deposition or in writing to all Parties within thirty (30) days after receipt of the final deposition transcript. Until the conclusion of the 30-day designation period, all deposition transcripts and exhibits shall be treated as Confidential.

(b) To the extent deposition transcripts or exhibits are designated as Confidential, the Parties and the court reporter shall thereafter mark all copies of such transcripts, designated pages, or exhibits with the appropriate "CONFIDENTIAL" legend, and will note on the cover page of any such transcripts the following legend: "[This Deposition/Certain Designated Pages of this Deposition] are Confidential and Subject to a Protective Order."

15. **Failure to Designate.** The production of any Confidential Discovery Material during discovery in this Action without a "CONFIDENTIAL" designation shall be without prejudice to a claim that such document or information is Confidential, and no Designating Party shall be held to have waived any rights by such inadvertent production or failure to object to production of Confidential Discovery Material without such designation by another Party. If at any time prior to the trial of this Action, a Producing Party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential Discovery Material under the terms of this Protective Order. The Production Party shall provide the Receiving Party with a replacement copy of the document or information bearing the designation "CONFIDENTIAL" within five (5) business days of such written notice. The Receiving Party shall promptly return to the Designating Party (in the original medium or form of the document or information) or permanently destroy the undesignated document or information and any copies thereof after receiving the appropriately designated document or information. During the five (5) business- day period following written notification under this Paragraph, the Receiving Party shall treat the undesignated document or information as though it had been so designated.

16. **Protection of Confidential Discovery Material.** No person shall disclose or permit the disclosure of any Confidential Discovery Material to any person or entity except as set forth in sub-paragraphs 16(a)-(l). Prior to the disclosure of any Confidential Discovery Material to any person referred to in sub-paragraphs 16(a)-(l), such person shall be advised of the Confidential nature of the Discovery Material pursuant to the contents of this Order. Subject to these requirements, the following categories of persons may be allowed to review Confidential Discovery Material:

(a) **Parties.** The Parties to this Action;

(b) **Counsel.** Outside counsel retained specifically for this Action, including any regular and temporary employees or support staff who have responsibility for assisting counsel in connection with this Action, and in-house counsel, to whom it is reasonably necessary to disclose the information in connection with this Action;

(c) **Court.** The Court and its personnel;

(d) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions in this Action;

(e) **Contractors.** Vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) specifically engaged by the Parties or their counsel for purposes of this Action;

(f) **Consultants and Experts.** Consulting or testifying experts (including their employees) or independent consultants (including their employees) retained by the Parties or counsel for the Parties to assist in the preparation and trial of this Action;

(g) **Translators or Interpreters.** Translators or interpreters who are not employed by or otherwise affiliated with any of the parties but are retained to provide or review translations of foreign-language documents for the purpose of this Action or act as an interpreter for the purposes of this Action;

(h) **Witnesses.** In connection with their depositions or trial testimony, witnesses in this Action and their counsel to whom disclosure is reasonably necessary;

(i) **Author or Recipient.** The author, addressee, or recipient of a document (not including a person who received the document in the course of litigation) may be shown any document that Counsel has a good-faith reason to believe her or she authored or received or that was addressed to him or her;

(j) **Mediators.** Any mediator or arbitrator that the Parties engage in this Action or that this Court appoints;

(k) **Jury or Other Trier of Fact.** The jury or other trier of fact in this Action; and

(l) **Others by Consent or Order.** Other persons only by written consent of the Designating Party or upon order of the Court and only on such conditions as may be agreed to or so ordered.

17. **Non-Disclosure Agreement.** Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 16(d), 16(e) 16(f), 16(g), 16(h) or 16(j) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement until final judgment not subject to further appeal. In the event that a non-party witness who has been compelled to provide deposition testimony refuses to sign a copy of the Non-Disclosure Agreement in the form annexed as Exhibit A hereto when a Party believes it is necessary for such witness to review Confidential Discovery Material, the Parties shall engage in good faith negotiation to attempt to reach a resolution of the issue.

18. **Conflicting Designations.** In the event that one Party produces documents that contain content identical to or substantially similar to content in materials produced by another Party and the confidentiality designations are not the same, the designation providing for the greatest protections will apply. If a Receiving Party receives from the Producing Party Discovery Material consisting of the Receiving Party's own information that has no designation, the Receiving Party may designate the material as Confidential so long as the Receiving Party has a

good-faith belief that the Discovery Material qualifies for such a designation under the terms of this Order. A Party seeking to designate Discovery Materials as Confidential pursuant to this Paragraph shall provide written notice via e-mail to counsel for the Producing Party stating that the Receiving Party in good faith believes the Discovery Material should be designated Confidential. If the Producing Party disagrees, the Parties shall follow the procedure set out in Paragraph 19 to resolve the dispute.

19. **Challenges by a Party to Designation as Confidential Discovery Material.** Any Party who objects in good faith to any designation of confidentiality under this Order may at any time prior to the trial of this Action serve upon counsel for the Designating Party a written notice via e-mail stating with particularity the documents or information in question and the grounds of the objection. Upon written notification that a Party disagrees with a designation of confidentiality, counsel for the Receiving Party and the Designating Party will confer in a good faith effort to resolve the dispute without Court intervention. If the dispute is not resolved within three (3) business days of the Designating Party's receipt of the objecting Party's written notification, the objecting party may raise the dispute with the Court in accordance with Paragraph 4(B) of this Court's Individual Practices in Civil Cases. If a discovery dispute is raised under this paragraph, the Discovery Material subject to dispute shall be treated as Confidential (as designated) until the dispute is resolved.

20. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this Action serve upon counsel for the Receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 19 of this Order and Paragraph 4(B) of this Court's Individual Practices in Civil Cases.

21. Nothing contained in this Protective Order will limit or restrict the rights of any person with respect to its own Discovery Material in this Action. Nor does anything contained in this Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

22. Nothing in this Order shall permit or preclude the redaction by a Producing Party of any information subject to United States or foreign data privacy laws, or any other applicable United States or foreign statute, law, regulation, privilege, court order, restriction, or immunity from disclosure, or permit or preclude a Receiving Party's challenge of such redaction.

23. **Filing Confidential Discovery Material.**

   (a) Any court filing containing, paragraphing, summarizing, or otherwise disclosing Confidential Discovery Material must be filed under seal in compliance with the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), and this Court's Individual Practices in Civil Cases. All persons seeking to file redacted documents or documents under seal with the Court shall follow Paragraph 2(E) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the

documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

(b)     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, until the Court renders a decision on any motion to seal. The redacted copy shall redact only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

24.     **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential Discovery Material at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Discovery Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. Unless otherwise directed by the Court, the use of Confidential Discovery Material at hearings or at trial shall not cause such Confidential Discovery Material to lose its status as Confidential.

25.     **Confidential Discovery Material Subpoenaed in Other Litigation or Proceeding.**

(a)     If a Receiving Party is served with a subpoena or a judicial order issued in a litigation or proceeding other than an action that would compel disclosure of any material or document designated as Confidential, the Receiving Party must so notify the Designating Party, in writing, promptly after receiving the subpoena or order if not otherwise prohibited from doing so. Such notification must include a copy of the subpoena or judicial order.

(b)     The Receiving Party also must inform in writing the party who caused the subpoena or order to be issued in the other litigation that some or all of the material sought by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to be issued.

(c)     The Receiving Party shall endeavor to cooperate with respect to all reasonable procedures sought by the Designating Party whose Confidential Discovery Material may be affected.

(d)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this Action an opportunity to try to protect its Confidential Discovery Material in the court from which the subpoena or order was issued. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in

this Paragraph remain in effect so long as a Party has Confidential Discovery Material in its possession, custody or control.

(e) Notwithstanding any other provision of this Order, a Receiving Party shall not be obligated to notify a Designating Party of routine audits, regulatory exams and/or investigations if it is not legally permitted to do so, and nothing in this Order shall be deemed to prevent a Receiving Party from disclosing any Confidential Discovery Material to any auditors and related personnel, or to any regulatory, self-regulatory or supervisory authority having appropriate jurisdiction, pursuant to applicable law, regulation or court order, provided that (i) such disclosure is limited to only that portion of the Confidential Discovery Material that the Receiving Party is legally compelled to disclose, and (ii) the Receiving Party exercises reasonable efforts to obtain assurance that confidential treatment will be accorded to that portion of the Confidential Discovery Material that is being disclosed. The Receiving Party shall promptly notify a Designating Party of such exams and/or investigations if it is legally permitted to do so.

26. **Unauthorized or Inadvertent Disclosure of Confidential Discovery Material**.

(a) Each person who has access to Discovery Material designated as Confidential under this Order shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material or the information contained or reflected in such material, including, without limitation, in the form of notes, summaries, or analyses of such material. Such person shall, at a minimum, (i) take commercially reasonable measures to ensure the Discovery Material is protected against loss, interference and misuse and from unauthorized access, modification and disclosure; and (ii) exercise at least the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information of equivalent confidentiality.

(b) If any Receiving Party storing or maintaining Confidential Discovery Material subject to this Order discovers any loss of or a breach of security, including any unauthorized access, relating to such Discovery Material, such Receiving Party shall: (i) promptly take all necessary and appropriate corrective action to terminate the unauthorized access; (ii) promptly provide written notice to the Designating Party of such breach; (iii) investigate and make reasonable efforts to mitigate the effects of the breach; and (iv) provide sufficient information about the breach so that the Designating Party can reasonably ascertain the size and scope of the breach and comply with any applicable United States or foreign data privacy laws.

27. **Limitations on Waiver of Privilege.**

(a) This Paragraph shall constitute an Order pursuant to Federal Rule of Evidence 502(d).

(b) The production or other disclosure of any Discovery Material, documents, electronically stored information, or other information subject to a claim of attorney-client privilege, work product protection, or any other legally cognizable privilege or immunity ("Disclosed Privileged Information"), whether inadvertent or otherwise, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or other protection from discovery in this case or in any other federal, state, arbitration, or any other proceeding. The failure to take

reasonable steps to prevent the disclosure of Disclosed Privileged Information shall not give rise to a waiver or forfeiture of any claim of privilege or other protection from discovery in this case or in any other federal, state, arbitration, or any other proceeding.

(c) If a Producing Party becomes aware that it has produced Disclosed Privileged Information, the Producing Party will promptly notify each Receiving Party in writing of the inadvertent production. Within three (3) business days of receipt of such notice, each party who receives such notice shall return or destroy the Disclosed Privileged Information and any copies, notes, or summaries of the Disclosed Privileged Information, and provide a written certification of counsel that all such Disclosed Privileged Information has been returned or destroyed;

(d) Notwithstanding a Receiving Party's above-referenced obligation to return or destroy Disclosed Privileged Information upon notice of an inadvertent production, a Receiving Party may contest the privilege or work product designation by the Producing Party. To do so, the Receiving Party shall give the Producing Party written notice of the reason for said disagreement within three (3) business days of receipt of notice of the inadvertent production. For the avoidance of doubt, the Receiving Party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. Within three (3) business days after service of the written objection, the parties shall meet and confer in good faith regarding the contested designation. In the event the parties do not resolve their dispute, the Receiving Party may, within three (3) business days of the meet-and-confer session, seek an Order from the Court compelling the production of the material.

(e) If a Party receives a notice pursuant to this Paragraph 27, that Party shall take all such steps as a necessary to ensure that any expert, consultant, professional vendor, or any other non-party to whom the Disclosed Privileged Information and any copies, notes, or summaries of the Disclosed Privileged Information was, or may have been provided, returns or destroys the Disclosed Privileged Information and any copies, notes, or summaries of the Disclosed Privileged Information, and provide a written certification of counsel that all such Disclosed Privileged Information has been returned or destroyed. This provisions governs any copies of Disclosed Privileged Information that a Party has provided a non-party, notwithstanding any decision made by the Party as to whether it will challenge the privilege designation pursuant to this Paragraph 27.

(f) If a Receiving Party receives materials that reasonably appear to be subject to an attorney-client privilege, work product protection, or are otherwise protected by a legally cognizable privilege or immunity, the Receiving Party must refrain from further examination of the materials that may be privileged or protected, and shall immediately notify the Producing Party, in writing, that the Receiving Party possesses such material.

(g) Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney client privilege, work product protection, or other applicable privilege designation by submitting a challenge to the Court. If the underlying claim of privilege or protection is contested, the Parties shall comply with Federal Rule of Civil Procedure 26(b)(5)(B) and the Receiving Party may promptly seek a judicial determination of the matter pursuant to that rule (a "Privilege Motion"). The Receiving Party must seek to file the Privilege Motion under seal pursuant to the Local Rules and this Court's Individual Practices in Civil Cases, and shall not assert

9

as a ground for granting the motion the fact or circumstance of the production in this Action of the Discovery Material claimed to be privileged. Pending resolution of the Privilege Motion, the Receiving Party must sequester the Disclosed Privileged Information and not use the Disclosed Privileged Information or disclose it to any person other than as required by law.

(h)     Nothing in this Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court (including, without limitation, rules of professional conduct), regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so.

28.     **Obligations on Conclusion of Litigation.**

(a)     This Protective Order shall survive the termination of the litigation. Within sixty (60) days of the final disposition of this action, all Confidential Discovery Material, and all copies thereof, shall be promptly returned to the Designating Party, or, upon permission of the Designating Party, destroyed, and so certified in writing, within ninety (90) days of the Designating Party's request unless (i) otherwise agreed to by the parties, or (ii) the document has been offered into evidence or filed without restriction as to disclosure.

(b)     Notwithstanding any other provision of this Order, the obligation to return or destroy Confidential Discovery Material and all copies of such material shall not apply to (i) email correspondence related to outside counsel's representation; (ii) attorney-client privileged material and/or work product created by counsel, a Party, or a third party in connection with this litigation, which reflect, summarize, or otherwise refer to Confidential Discovery Material, including attorney notes and memoranda; (iii) deposition transcripts, hearing transcripts, trial transcripts, exhibits, the trial record (including exhibits), pleadings, motions, briefs, supporting affidavits, and other papers filed with the Court, including those filed under seal; and (iv) copies of any Confidential Discovery Material to the extent necessary for legal or regulatory compliance (or compliance with the Receiving Party's internal policies and procedures reasonably designed to ensure legal or regulatory compliance). Any retained Confidential Discovery Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Discovery Material.

29.     **Notice Requirements.** All notices required by this Order must be provided in writing to counsel of record for each Party and, if applicable, in writing to a Non-Party. Any of the notice requirements herein may be waived in whole or in part, but only in writing by the designating Party or Non-Party.

30.     **Modification.** Any Party may ask the Court on notice to modify or grant relief from any provision of this Order.

31.     **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry or final judgment not subject to further appeal. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

32. **Contempt.** All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court.

SO STIPULATED AND AGREED.

Dated: February 9, 2024
       New York, New York

**GROSSMAN LLP**

By: _____
Judd B. Grossman, Esq.
Maria Angela Brusco, Esq.
745 Fifth Avenue, 5th Floor
New York, New York 10151
Telephone: (646) 770-7445
Fax: (646) 417-7997
jgrossman@grossmanllp.com
mbrusco@grossmanllp.com

*Attorneys for Defendants-Third-Party Plaintiffs Leigh Brenza and Joan Weiant*

**ROTTENBERG LIPMAN RICH, P.C.**

By: _____
Christopher J. Robinson, Esq.
Jennifer A. Kreder, Esq.
The Helmsley Building
230 Park Avenue, 18th Floor
New York, New York 10169
(212) 661-3080
crobinson@rlrpclaw.com
jkreder@rlrpclaw.com

*Attorneys for Plaintiff Peters Gallery of New York, Inc., d/b/a/ Gerald Peters Gallery and Third-Party Defendant Gerald Peters*

SO ORDERED.

_____
J. PAUL OETKEN
United States District Judge

Dated: February 15, 2024

11

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETERS GALLERY OF NEW YORK, INC., d/b/a GERALD PETERS GALLERY,<br><br>    *Plaintiff,*<br><br>  -against-<br><br>JOAN WEIANT and LEIGH BRENZA, AS SUCCESSORS-IN-INTEREST TO EBERSTADT & SONS a/k/a EDWARD EBERSTADT & SONS,<br><br>    *Defendants.* | Case No. 23-CV-3181 (JPO)<br><br><br>**NON-DISCLOSURE AGREEMENT** |
| JOAN WEIANT and LEIGH BRENZA,<br><br>    *Counterclaim-Plaintiffs,*<br><br>  -against-<br><br>PETERS GALLERY OF NEW YORK, INC., d/b/a GERALD PETERS GALLERY,<br><br>    *Counterclaim-Defendants.* | |
| JOAN WEIANT and LEIGH BRENZA,<br><br>    *Third-Party Plaintiffs,*<br><br>  -against-<br><br>GERALD PETERS,<br><br>    *Third-Party Defendant.* | |

  I, _____, acknowledge that I have read and understand the Protective Order in this Action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Date:_____    Signature:_____