UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETERS GALLERY OF NEW YORK, INC,

d/b/a GERALD PETERS GALLERY,

    Plaintiff,

        -against-

JOAN WEIANT and LEIGH BRENZA, AS
SUCCESSORS-IN-INTEREST TO
EBERSTADT & SONS a/k/a
EDWARD EBERSTADT & SONS,

    Defendants.

Case No. 23-CV-3181 (JPO)(SLC)

JOAN WEIANT and LEIGH BRENZA,

    Counterclaim-Plaintiffs,

        -against-

PETERS GALLERY OF NEW YORK, INC,

d/b/a GERALD PETERS GALLERY,

    Counterclaim-Defendant.

JOAN WEIANT and LEIGH BRENZA,

    Third-Party Plaintiffs,

        -against-

GERALD PETERS,

    Third-Party Defendant.

## **DECLARATORY JUDGMENT**

J. Paul OETKEN, United States District Judge:

**WHEREAS**, on April 17, 2023, Plaintiff Gerald Peters Gallery of New York, Inc. (the "Gallery"), acting on behalf of itself and its client The Bjurmann Trust (the "Trust") as to *Flute Courtship*, a painting by New Mexico painter Eanger Irving Couse ("the Painting"), brought this action seeking a declaration quieting title to the Painting against claims to the Painting by Defendants Joan Weiant and Leigh Brenza, the heirs of Lindley and Charles Eberstadt ("the Eberstadts") and purported successors-in-interest to the firm of Eberstadt & Sons;

**WHEREAS**, the Gallery amended its complaint on May 5, 2023 and again on September 11, 2023;

**WHEREAS**, on November 20, 2023, the Eberstadts filed an answer, counterclaimed against the Gallery, and crossclaimed against its proprietor, Gerald Peters (collectively, the "Gallery Parties"), seeking replevin, a declaration that the Eberstadts hold superior legal and beneficial right, title and interest free and clear of any encumbrances or, in the alternative, monetary damages for conversion with respect to the Painting and a number of other paintings which they claimed had been stolen from them;

**WHEREAS,** pursuant to discovery, the Eberstadts alleged that the following paintings had also been stolen from them and had passed through the Gallery Parties' hands, and thus were subject to their counterclaims: Frederic Sackrider Remington, *Miners Prospecting for Gold*, Alfred Jacob Miller, *Mirage on the Prairie*, Paul Kane, *Medicine Mask Dance*, John Archibald Woodside, *An Indian Buffalo Hunt,* John Mulvaney, *Trappers of the Yellowstone a/k/a Awaiting the Claim Jumpers,* and Henry Balink, *Taos Indian Portrait* (collectively, the "Other Missing Works").

**WHEREAS**, on November 13, 2024, the Gallery Parties moved for summary judgment on all counterclaims and crossclaims with respect to (i) the Other Missing Artworks on the grounds that the counterclaims and crossclaims are barred by the applicable statute of limitations and/or fail to state a claim because no demand was made for their return while they were in the Gallery Parties' good faith possession; and (ii) as to the Painting and the Other Missing Artworks on the ground that the counterclaims and crossclaims are barred by the doctrine of laches.

**WHEREAS**, on January 10, 2025, the Eberstadts moved for partial summary judgment seeking (i) a declaration that the Eberstadts owned all of the paintings and never sold or otherwise disposed of them; (ii) a finding that the Eberstadts' ownership claims were not barred by the statute of limitations; (iii) dismissal of the Gallery Parties' entrustment defense; and (iv) a finding that the Eberstadts' ownership claims were not barred by the Gallery Parties' laches defense.

**WHEREAS**, by its Opinion and Order dated August 1, 2025, in this action (the "Order"), the Court (i) granted the Gallery Parties' Motion as to the Other Missing Artworks for failure to state a claim because the Eberstadts never demanded return of the Other Missing Artworks while in the good faith possession of the Gallery Parties; and (ii) granted the Gallery Parties' Motion as to the Painting and the Other Missing Artworks on the grounds of laches for the reason that the Eberstadts' unreasonable delay in bringing suit to recover the lost paintings has prejudiced the Gallery Parties; and (iii) denied the Eberstadts' Motion and dismissed all of the Eberstadts' counterclaims and crossclaims for the same reasons; and

WHEREAS, prior to the filing of this action, the Trust had consigned the Painting for auction to Bonham's & Butterfields Auctioneers Corp., which is in possession of the Painting today;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:** The Gallery Parties have superior rights and interests in and to the Painting; the Gallery Parties may sell the Painting free and clear of any competing claims; and Bonham's & Butterfields Auctioneers Corp. shall, on notice of this Declaratory Judgment, release the Painting to the Gallery Parties or to a third-party at the Gallery Parties' direction.

The Clerk of Court is directed to terminate all motions pending as of this date and mark the case closed.

SO ORDERED.

August 22, 2025
New York, NY

_____
J. PAUL OETKEN
United States District Judge